**Moubaye Mohamed MBAYE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72832.

Agency No. A75–583–182.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Dec. 17, 2003.

Timothy M. Greene, Greene & Lloyd, PLLC, Puyallup, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E.

---

* The panel unanimously finds this case suitable for submission without oral argument. *See* Fed. R.App. P. 34(a)(2).

LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Michelle E. Gorden, Attorney, Donald E. Keener, Esq., Teresa L. Donovan, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI and BEEZER, Circuit Judges, and SCHWARZER,** Senior District Judge.

## MEMORANDUM ***

Moubaye Mohamed Mbaye, a native and citizen of Mali, petitions for review of a Board of Immigration Appeals ("BIA") decision denying him relief under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("Convention"), as implemented by Pub.L. No. 105–277, § 2242, 112 Stat. 2681, 2681–821, see 8 C.F.R. 208.17 (2003), and affirming an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

■ Substantial evidence supports the IJ's determination that Mbaye failed to meet his burden of showing that his family's treatment in Mali constituted persecution on account of political opinion rather than lawful prosecution for his father's participation in a coup. See INS v. Elias–Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (IJ's determination must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole"); Chanco v. INS, 82 F.3d 298, 302 (9th Cir. 1996) ("Prosecution for participation in a coup does not constitute persecution on account of political opinion when peaceful means of protest are available for which the alien would not face punishment."); Matter of Izatula, 20 I. & N. Dec. 149, 154 (1990) (same). The documentary record demonstrates that Malian authorities and an umbrella organization of Tuareg rebels signed a national pact ending hostilities in 1992, recommitted themselves to the pact in both 1994 and 1995, and made significant steps toward a lasting peace. Mbaye testified that he and his father nevertheless continued to fight to overthrow the Malian government and establish an independent Tuareg state, and that his father attacked and may have killed government forces.

Substantial evidence additionally supports the IJ's determination that a coup was not the only means of effectuating political change in Mali. The record indicates that Mali has had a lawfully-constituted and democratically-elected government since 1992, that the government has taken significant strides to integrate Tuaregs into both civilian and military life, and that most Tuaregs have freely expressed their political opinions through conventional means. Mbaye's brief assertions to the contrary do not compel reversal. See Elias–Zacarias, 502 U.S. at 481, 112 S.Ct. 812 (IJ's determination "can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.").

■ Finally, substantial evidence supports the BIA's denial of Mbaye's claim for relief under the Convention. See Zheng v. Ashcroft, 332 F.3d 1186, 1193 (9th Cir. 2003) (applying substantial evidence stan-

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

dard). Mbaye offers no evidence or argument tending to prove that it is more likely than not that he would be tortured upon removal. *See* 8 C.F.R. § 208.16(c)(2) (2003).

Mbaye's request for attorneys' fees is denied.

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.